**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shelley Lee Baker, | No. CV-14-02309-PHX-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| JPMorgan Chase Bank, | |
| Defendant. | |

Pending before the Court is Plaintiff Shelley Lee Baker's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), which the Court will grant. However, as detailed below, the Court will dismiss Plaintiff's Complaint (Doc. 1) because it fails to comply with Rule 8 of the Federal Rules of Civil Procedure and Plaintiff's claims are time-barred. The Court will allow Plaintiff leave to amend her Complaint to include facts sufficient to state claims for discrimination and retaliation and to show that the statute of limitations was tolled. Finally, the Court will deny Plaintiff's "Request for Representation" (Doc. 3) because she has failed to show the exceptional circumstances required to warrant the appointment of counsel in this case.

**I.     Application to Proceed in District Court Without Prepaying Fees or Costs**

In Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, she declares under penalty of perjury that she is unable to pay the filing fee and other costs associated with this case. Plaintiff has presented financial information to support her Application. Given Plaintiff's lack of significant income, the Court will grant

1     her Application.

2     **II.**        **Screening of In Forma Pauperis Complaint**

3         **a.**       **Legal Standards**

4         For cases proceeding in forma pauperis, Congress provided that a district court

5 "shall dismiss the case at any time if the court determines" that the "allegation of poverty

6 is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim

7 on which relief may be granted," or "seeks monetary relief against a defendant who is

8 immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d

9 1122, 1126 n.7 (9th Cir. 2000) (noting that section 1915(e) applies to all in forma

10 pauperis complaints, not merely those filed by prisoners). Accordingly, "section 1915(e)

11 not only permits but requires a district court to dismiss an in forma pauperis complaint

12 that fails to state a claim." *Lopez*, 203 F.3d at 1127.

13         Rule 8(a) of the Federal Rules of Civil Procedure provides that to state a claim for

14 relief, a complaint must contain (1) "a short and plain statement of the grounds for the

15 court's jurisdiction," (2) "a short and plain statement of the claim showing that the

16 pleader is entitled to relief," and (3) "a demand for the relief sought." The complaint also

17 must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is

18 plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl.*

19 *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must allege facts sufficient "to

20 raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further,

21 the allegations "may not simply recite the elements of a cause of action, but must contain

22 sufficient allegations of underlying facts to give fair notice and to enable the opposing

23 party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

24         **b.**       **Plaintiff's Complaint**

25         In this action, Plaintiff asserts claims against JPMorgan Chase Bank

26 ("Defendant"). Her complaint contains the following allegations:

27         <u>Complaint</u>

28         I Shelley Baker have been discriminated and retaliated
               against because of my sex, color and disability. [sic] In

violation of Title VII of the Civil Rights Act of 1964, and the Americans with Disabilitys [sic] Act of 1990, as amended.

<u>Jurisdiction</u>

Under Title VII of the disabilitys [sic] act of 1964.

<u>Demand</u>

Ten Million Dollars

Plaintiff also attached to her Complaint (1) what appears to be two pages from of an Intake Questionnaire Plaintiff provided to the Equal Employment Opportunity Commission ("EEOC"), (2) a Charge of Discrimination Plaintiff filed with the EEOC against Defendant on June 12, 2014, and (3) a Dismissal and Notice of Rights from the EEOC, which informs Plaintiff that her Charge against Defendant "was not timely filed with the EEOC."  (Doc. 1-1.)

In her Charge, Plaintiff alleges that she began working for Defendant in February 2006.  Plaintiff asserts that Defendant discriminated against her due to her race and color (White), sex, and disability, and retaliated against her.  Specifically, Plaintiff claims that on April 17, 2013, she had a meeting with her supervisor, Shannon Smith, who is Black, during which Mr. Smith gave her an "excellent evaluation and commended" her "for assisting him by completing some management reports and other tasks."  However, Plaintiff alleges that during the same meeting, when Mr. Smith did not like Plaintiff's response to his question regarding how to "lower the error rate," he called her "stupid," mocked her, and told her "'my kind' did it wrong."  Plaintiff asserts that "this" conduct continued for approximately four hours.  Plaintiff further claims that she reported this incident to the employee hotline on April 17, 2013, "but nothing was done."  Finally, Plaintiff alleges that on April 18, 2013, she was diagnosed with a disability as a result of the incident with her supervisor and she "is not yet released to return to work."

As an initial matter, Plaintiff fails to provide any facts in her Complaint to support her claims.  Rather, she states only that she was discriminated and retaliated against and that she seeks ten million dollars in damages.  Further, Plaintiff does not discuss or even

1    reference the attachments she submitted with her Complaint. Accordingly, Plaintiff's
2    Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure and
3    dismissal of the Complaint is appropriate.

4         Additionally, based on Plaintiff's Charge, her discrimination and retaliation claims
5    are time-barred.  Title VII of the Civil Rights Act of 1964 ("Title VII") and the
6    Americans with Disabilities Act of 1990, as amended, ("ADA") require that a plaintiff
7    timely exhaust administrative remedies prior to filing suit.  Specifically, a plaintiff must
8    "file a charge with the EEOC within 180 days of the last act of alleged discrimination,"
9    unless a state or local agency enforces a law that prohibits employment discrimination on
10   the same basis, in which case the plaintiff must file an EEOC charge within 300 days of
11   the last act of alleged discrimination. *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th
12   Cir. 2000) (Under Title VII and the ADA, "failure to file an EEOC charge within the
13   prescribed 300-day period . . . is treated as a violation of a statute of limitations[.]"),
14   *overruled on other grounds* by *Socop-Gonzalez v. I.N.S.,* 272 F.3d 1176, 1194-96 (9th
15   Cir. 2001).  In Arizona, the Arizona Civil Rights Division enforces a law prohibiting
16   employment discrimination; accordingly, the 300-day time limit in Title VII applies to
17   Plaintiff's claims.  *See* 42 U.S.C § 2000e-5(e)(1); 42 U.S.C. § 12117(a) (incorporating
18   the enforcement procedures set forth at 42 U.S.C. § 2000e-5).

19        Although in one portion of her Charge Plaintiff designates June 12, 2014 as the
20   "latest" date that discrimination took place, the latest possible alleged incident of
21   discrimination or retaliation Plaintiff identifies in her Charge occurred on April 18, 2013.
22   Accordingly, Plaintiff had until February 12, 2014 (300 days later) to file her Charge.
23   Plaintiff did not file her Charge until June 12, 2014—four months after the deadline.
24   Therefore, Plaintiff failed to file her Charge of Discrimination within the required 300-
25   day statute of limitations.

26        However, the Court can dismiss Plaintiff's Complaint as time-barred only "if the
27   assertions of the [C]omplaint, read with the required liberality, would not permit
28   [Plaintiff] to prove that the statute was tolled." *Jablon v. Daen Witter & Co.*, 614 F.2d

677, 682 (9th Cir. 1980); *Zipps v. Tarns World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (the time limits for filing a charge with the EEOC and thereafter for filing a civil suit operate as statutes of limitation subject to equitable doctrines, such as equitable estoppel and equitable tolling).   Equitable estoppel "focuses primarily on the actions taken by the *defendant* in preventing a plaintiff from filing suit." *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002).  Equitable tolling is applied sparingly and may be available to a plaintiff who: "(1) diligently pursued his claim; (2) was misinformed or misled by the administrative agency responsible for processing his charge; (3) relied in fact on the misinformation or misrepresentation of that agency, causing him to fail to exhaust his administrative remedies; and (4) was acting pro se at the time." *Josephs v. Pac. Bell*, 443 F.3d 1050, 1054 (9th Cir. 2005) (*quoting Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2001)).

Here, even liberally construing the allegations in Plaintiff's Complaint and its attachments, Plaintiff fails to assert any facts that show the 300-day statute of limitations was tolled.   Accordingly, the Court will also dismiss Plaintiff's Complaint pursuant to 28 U.S.C. 1915(e)(2) because Plaintiff's claims are barred by the statute of limitations.

**III.      Leave to Amend**

The Court will give Plaintiff an opportunity, if she so chooses, to amend her Complaint to assert factual allegations sufficient to state claims for discrimination and retaliation and to show that the statute of limitations was tolled. *See Lopez*, 203 F.3d at 1127 (when dismissing for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  Plaintiff is warned that if she elects to file an amended complaint and if she fails to comply with the Court's instructions explained in this Order or the Federal Rules of Civil Procedure, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry*, 84 F.3d at 1180 (affirming dismissal with prejudice of

- 5 -

1  amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins.*

2  *Co.*, 651 F.2d 671, 673–74 (9th Cir. 1981) (affirming dismissal of amended complaint

3  that was "equally as verbose, confusing, and conclusory as the initial complaint").

4  **IV.      Plaintiff's Request for Representation**

5      Also pending before the Court is Plaintiff's "Request for Representation."  (Doc.

6  3.)  Plaintiff seeks to have the Court appoint counsel for her in this case because (1) she

7  cannot afford an attorney, (2) she does not have knowledge of the legal system, and (3)

8  this case is "extremely emotional" for her.

9      There is no constitutional right to the appointment of counsel in a civil case.  *See*

10  *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of*

11  *Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). "However, a court may

12  under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to

13  28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (*quoting*

14  *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). "When

15  determining whether 'exceptional circumstances' exist, a court must consider 'the

16  likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his

17  claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d

18  at 970 (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Terrell v.*

19  *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "Neither of these considerations is

20  dispositive and instead must be viewed together." *Palmer*, 560 F.3d at 970 (*citing*

21  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

22      Having considered both elements, Plaintiff has not shown exceptional

23  circumstances that would require the appointment of counsel in this case.  Plaintiff has

24  not demonstrated a likelihood of success on the merits, nor has she shown that she is

25  experiencing difficulty in litigating this case because of the complexity of the issues

26  involved. *See Wilborn*, 789 F.2d at 1331 ("If all that was required to establish

27  successfully the complexity of the relevant issues was a demonstration of the need for

28  development of further facts, practically all cases would involve complex legal issues.").

1   Plaintiff is in no different position than many *pro se* litigants.  Therefore, the Court will

2   deny her request for appointment of counsel.

3           Accordingly,

4           **IT IS ORDERED** that Plaintiff's Application to Proceed in District Court

5   Without Prepaying Fees or Costs (Doc. 2) is granted.

6           **IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed.

7           **IT IS FURTHER ORDERED** that Plaintiff is granted leave to file an amended

8   complaint by **December 22, 2014**.

9           **IT IS FURTHER ORDERED** that if Plaintiff elects to file an amended

10  complaint, the complaint may not be served until and unless the Court screens the

11  amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

12          **IT IS FURTHER ORDERED** that if Plaintiff elects not to file an amended

13  complaint by **December 22, 2014**, the Clerk shall dismiss this action without further

14  order of this Court.

15          **IT IS FURTHER ORDERED** that Plaintiff's Request for Representation (Doc.

16  3) is denied.

17          Dated this 20th day of November, 2014.

18

19

20  _____
    Honorable John Z. Boyle
21  United States Magistrate Judge

22

23

24

25

26

27

28